H. T. HALL, Appellant, v. UNION COUNTY, Appellee.

JUNE 26, 1928.

REHEARING DENIED SEPTEMBER 28, 1928.

*C. T. Gibson,* for appellant.

*Adam Pickett* and *D. W. Harper,* for appellee.

EVANS, J.—The record discloses that the plaintiff filed a claim against Union County with the auditor thereof for $125, as the reasonable value of certain labor and materials. This claim having been rejected by the board of supervisors, the plaintiff appealed from such order of refusal to the district court. He filed his petition there, and issue was joined thereon, and the cause was tried to a jury. We have no occasion, therefore, to consider the form of the procedure.

Some of the facts disclosed by plaintiff's petition and evidence are that the plaintiff was a tenant in occupancy of a certain 17-acre tract of land. This tract included an abandoned right of way, which had been formerly occupied by the Chicago, Burlington & Quincy Railroad. It appears inferentially, also, that condemnation proceedings had been had, whereby the strip of land covered by such abandoned right of way was condemned for highway purposes. The new highway thus condemned was obstructed by certain of plaintiff's fences. The county auditor addressed a notice requiring him to remove such fences, and such notice was formally served upon him by the sheriff. Thereupon, plaintiff removed the same. His cause of action is predicated upon the fact that he did remove such fences in compliance with the demand of the county auditor. His theory is that such a demand, when complied with by him, created an obligation upon the county to pay him the value of the service, as rendered, and that this is true as a matter of law, quite independently of any statute or of any contract, express or implied. He expressly disclaims that his action is predicated upon contract or tort, either express or implied. Such disclaimer would ordinarily relieve us of the necessity of considering the question whether any contract could be implied from the performance of the service thus rendered upon the demand of the defendant. But inasmuch as there was no contract to pay, and no statutory liability to pay, the plaintiff must find the ground of his action, if any, in the wide field of implication. If the defendant had

requested the service from the plaintiff as a matter of his own volition, there might be ground for implying a promise of payment of the reasonable value of the service thus requested. But the notice relied on by the plaintiff was not such a request. It was a demand upon him to remove his fences on the ground that they were obstructing a legal highway. It was not a call upon him for service on his own volition, but was a demand upon him to perform his own legal duty. It carried no implication of a promise to pay for the service. On the contrary, it carried a warning implication to the plaintiff that, unless he performed his duty to remove such fences, redress would be sought against him. This implication is emphasized by the plaintiff's testimony, wherein it appears that the plaintiff claimed no damages in the condemnation proceeding, and that he himself was one of the appraisers of damages in such proceeding.

No proper ground of liability is disclosed in the pleading nor in the evidence. The verdict was properly directed.—*Affirmed.*

All the justices concur.